*In re* O'BRIEN.

MUNICIPAL CORPORATIONS—SIDEWALK REQUIREMENTS—VALIDITY.
    Where the common council of a city is by the charter given
    control of the streets, it may determine of what material and
    in what manner the sidewalks shall be constructed; and the
    requirement that within a specified district they shall be of
    stone is not unreasonable, nor is it an unlawful interference
    with private property.

Thomas O'Brien, being in custody for the violation of a
sidewalk ordinance of the city of Grand Rapids, sued out
a writ of *habeas corpus*. Submitted February 7, 1899.
Petitioner remanded March 23, 1899.

*Charles B. Blair*, for petitioner.

*Henry J. Felker*, City Attorney, and *Harvey Joslin*,
Assistant City Attorney, for the city.

GRANT, C. J.    The charter of the city of Grand Rapids
confers upon the common council the control of its streets.
A street includes not alone the roadbed, but sidewalks.
The city's jurisdiction and control extend over the entire
street dedicated to travel on foot as well as travel in
vehicles.    The common council have the same right to de-
termine of what material and in what manner sidewalks
shall be constructed as they have to say of what material
and in what manner the roadbed shall be constructed.
The common council enacted an ordinance establishing a
district in which the sidewalks should be constructed of
stone.    The petitioner lived within this district.    He in-
sisted on putting down a tar instead of a stone sidewalk,
was arrested for the violation of this ordinance, and peti-
tioned this court for a writ of *habeas corpus* to secure his
release.

The position of the petitioner is that this ordinance

is unreasonable, and therefore void; that all the law requires is that the sidewalks shall be reasonably safe and fit for public travel, and that he may, therefore, put down a sidewalk of any material he chooses; that the ordinance is unconstitutional as an unlawful interference with the use of his own property. If this contention be true, then the city has no control over its sidewalks except to see that they are reasonably safe for public travel, and the sole question to be presented in any case would be, Is the sidewalk, when constructed, reasonably safe? Walks composed of some material get out of repair and in an unsafe condition more readily than others. A wooden sidewalk requires more constant examination and care than does a stone or cement one. There is no unlawful interference with the property rights of the petitioner. He has no interest in the street except that common to the general public. He may own the fee subject to the public easement, and when the street is vacated the entire title will revert to him; but until then the municipality has the exclusive control. We are not cited to any authority which holds that the common council, under a charter like that of Grand Rapids, has not the power to determine the character and material of both sidewalks and roadbeds, and direct how they shall be constructed. We think the case of *Scribner* v. *City of Grand Rapids, ante,* 188, is conclusive. It was there held that, although the plaintiff had commenced to build a sidewalk of one description, the common council possessed the power to include the locality within the stone-walk district, and compel him to change from one material to another.

The writ is dismissed, and the petitioner remanded to custody.

The other Justices concurred.